UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE FLEMINGS, | ) Case No. CV 16-9134 CBM(JC) |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |
| HATTON, Warden, | ) |
| Respondent. | ) |

**I. SUMMARY**

On December 9, 2016, petitioner Kevin Tyrone Flemings ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Current Federal Petition") challenging a 1999/2000 conviction/judgment in Los Angeles County Superior Court Case No. NA033196 ("State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to

refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II.  PERTINENT PROCEDURAL HISTORY[2]

### A.  The State Case

In December 1999, petitioner was convicted of attempted murder, assault with a firearm, carjacking, and multiple counts of second degree robbery.  In February 2000, the court sentenced petitioner to a total term of 183 years to life in state prison.  The California Court of Appeal thereafter affirmed the judgment. Petitioner did not seek direct review in the California Supreme Court.  Petitioner thereafter sought and was denied post-conviction relief in the Los Angeles County Superior Court, the California Court of Appeal and the California Supreme Court.

///
///
///
///
///

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part:  "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . .  If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from the Current Federal Petition and court records in the Central District of California (CDCA) and the Ninth Circuit in the following cases of which this Court takes judicial notice:  (1) Kevin T. Flemings v. G.J. Giurbino, CDCA Case No. CV 03-2233-GAF-SGL ("First Federal Petition" or "First Federal Action"); (2) Kevin T. Flemings v. G.J. Giurbino, CDCA Case No. CV 04-884-CBM-SGL ("Second Federal Petition" or "Second Federal Action"); (3) Kevin T. Flemings v. G.J. Giurbino, CDCA Case No. CV 04-1157-SVW-SGL ("Third Federal Petition" or "Third Federal Action"); and (4) Kevin Tyrone Flemings v. G.J. Giurbino, Ninth Circuit Case No. 06-55078 ("Ninth Circuit Action").  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

### B. First Federal Action

On March 21, 2003, petitioner formally filed the First Federal Petition challenging the judgment in the State Case.[3] On October 28, 2003, the assigned District Judge dismissed the First Federal Action without prejudice because the First Federal Petition contained both exhausted and unexhausted claims and because petitioner, after having been afforded the opportunity to amend the First Federal Petition to delete his unexhausted grounds, failed to do so. On October 29, 2003, judgment was entered accordingly. Petitioner did not appeal.

### C. Second Federal Action and Ninth Circuit Action

On February 9, 2004, petitioner formally filed the Second Federal Petition challenging the judgment in the State Case. On January 12, 2005, the assigned Magistrate Judge issued a Report and Recommendation ("Prior R&R") recommending that the Second Federal Petition be denied and the Second Federal Action be dismissed with prejudice because the Second Federal Petition was untimely. On March 8, 2005, this Court adopted the Prior R&R and ordered that judgment be entered denying the Second Federal Petition and dismissing the Second Federal Action with prejudice. Judgment was entered accordingly on March 9, 2005.

///
///

---

[3] Although not at issue or pertinent here, the Court notes that petitioner also filed multiple federal petitions challenging a different state judgment – a 1998 judgment in Los Angeles County Superior Court Case No. SA029102 in which he was convicted of multiple counts of attempted second degree robbery, one count of conspiracy to commit robbery, one count of possession of a firearm by a felon, one count of shooting at an occupied vehicle, and one count of assault with a firearm on a peace officer, and was sentenced to 284 years and 4 months in state prison. See CDCA Case Nos. 03-1391-CBM-SGL, 06-1813-GAF-FMO, 06-2686-GAF-FMO, 11-10176-CBM-FMO and 13-4894-CBM-CW. Petitioner also sought certificates of appealability and leave to file a successive petition in the Ninth Circuit in connection with such other state judgment. See Ninth Circuit Case Nos. 05-55729, 06-55745, 06-55966, 06-74221.

On April 4, 2005, petitioner filed a Notice of Appeal. On July 25, 2006, the Ninth Circuit denied petitioner's request for a certificate of appealability in the Ninth Circuit Action.

### D. Third Federal Action

On February 20, 2004 – during the pendency of the Second Federal Action – petitioner formally filed the Third Federal Petition challenging the judgment in the State Case. As the Third Federal Petition was virtually identical to the then-pending Second Federal Petition, the Third Federal Petition was dismissed on February 25, 2004. Petitioner did not appeal.

### E. Current Federal Petition

As noted above, on December 9, 2016, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case.

The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[4]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270,

---

[4] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); Reyes v. United States, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant

1  to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders
2  subsequently filed habeas petition second or successive).
3       Petitioner's Second Federal Petition was denied and the Second Federal
4  Action was dismissed with prejudice as untimely – a determination which the
5  Ninth Circuit has deemed to constitute a disposition on the merits. See McNabb,
6  576 F.3d at 1030.  Accordingly, the Current Federal Petition is successive.  Since
7  petitioner filed the Current Federal Petition without authorization from the Ninth
8  Circuit, this Court lacks jurisdiction to consider it.
9  **IV.  ORDER**
10      IT IS THEREFORE ORDERED that the Current Federal Petition and this
11 action are dismissed without prejudice.
12      IT IS FURTHER ORDERED that the Clerk of the Court shall refer the
13 Current Federal Petition to the Ninth Circuit.
14      IT IS SO ORDERED.

16 DATED:     January 10, 2017


_____
HONORABLE CONSUELO B. MARSHALL
SENIOR UNITED STATES DISTRICT JUDGE